IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 19-402-4 |
| EDWARD BURGESS | : | |

## MEMORANDUM

**SURRICK, J.**                                                    **SEPTEMBER 20, 2021**

Presently before the Court is the Motion of Defendant Edward Burgess to Suppress

Physical Evidence (ECF No. 220).  For the following reasons, the Motion will be denied.

## I.      BACKGROUND[1]

Defendant Edward Burgess is charged with one count of being an Accessory After the

Fact, in violation of 18 U.S.C. § 3, and one count of Obstruction of Justice, in violation of 18

U.S.C. § 1519.  (Second Superseding Indictment, ECF No. 126.)  The charges relate to his

alleged destruction of evidence after son, Khaiyri Burgess, allegedly committed a home-invasion

robbery.  Defendant seeks to suppress evidence found at his home during the execution of a

search warrant.  The relevant facts are as follows.

On September 12, 2018, the Government sought a warrant to search Defendant's home at

2038 South Frazier Street in Philadelphia, Pennsylvania.  The affidavit was prepared by

Detective Maitland of Philadelphia's South Detective Division.  (Warrant #213263 Probable

Cause Affidavit at 2, Def.'s Ex. A, ECF No. 220-1.)  The affidavit provides, in pertinent part,

that on August 8, 2018, officers responded to the report of a home invasion robbery at 1100

---

[1] The background facts are taken directly from the Search & Seizure Warrant #213263
Probable Cause Affidavit.

block of S 10th Street in Philadelphia.  (*Id.* at 2.)  The officers encountered complainant KD at the location.  (*Id.*)  KD stated that she was awakened by two unknown black males in her bedroom who demanded to know where the money was hidden in her home.  (*Id.*)  The men knocked KD to the ground and kicked her in the face.  (*Id.*)  They then held a firearm to KD's head, demanded cash, and threatened to kill KD and her parents.  (*Id.*)  The men located two safes in the second-floor rear bedroom closet and carried them out of the house to a getaway car. (*Id.*)  KD's parents later stated that these safes contained approximately one million dollars in cash and one million dollars' worth of jewelry.  (*Id.*)  Surveillance video later showed a third male waiting outside the property with the getaway vehicle, which was a light-colored Cadillac sedan with a front vanity license plate.  (*Id.*)  The men wore hoods that covered their faces.  (*Id.*)

On August 15, 2018, a Cadillac matching the description of the getaway vehicle was found torched and abandoned in a field in Philadelphia.  (*Id.*)  The vanity plate was recovered. (*Id.*)  The VIN number on the car revealed that the vehicle was reported stolen on July 24, 2018. (*Id.*)  Khaiyri Burgess was wanted on a warrant for the automobile theft of the vehicle.  (*Id.*)  The investigation revealed that Khaiyri Burgess had met with a locksmith and fraudulently claimed ownership of the vehicle.  (*Id.*)  The locksmith replicated a key for the vehicle and Khaiyri Burgess then drove the Cadillac away.  (*Id.*)  The locksmith stated that Khaiyri Burgess was dropped off at his shop by a dark-colored Jeep Grand Cherokee.  (*Id.*)

Officers Marchetti and Lepkowski arrested Burgess on August 23, 2018, without incident after making arrangements for his arrest with his father, Edward Burgess.  (*Id.* at 2.)  During the search incident to arrest, officers located a key fob on Khaiyri Burgess' person that said "Jeep." (*Id.*)  When asked if he got a new car, Khaiyri Burgess indicated that "that's my dad's old car." (*Id.*)  The officers located a Jeep Grand Cherokee one block away from Khaiyri Burgess' home

by pressing the panic button on the key fob.  (*Id.*)  Officer Lepkowski saw in plain view the butt of a handgun protruding from the front passenger seat of the vehicle.  (*Id.*)  The Jeep was towed and taken in for processing.  (*Id.*)  Executing search warrant #210932 on the Jeep, members of SDD located a Smith and Wesson handgun under the front passenger seat.  (*Id.*)  The handgun contained fourteen live rounds of ammunition and appeared to have blood stains on the barrel. (*Id.*)  The team also recovered $13,832 in cash from inside the center console and a gas can from the trunk.  (*Id.*)  The team recovered two iPhones, one a rose colored iPhone 7 and one a silver iPhone X.  (*Id.*)  Khaiyri Burgess stated that the rose gold iPhone was his old phone and he had recently purchased the iPhone X.  (*Id.*)  Paperwork with Khaiyri Burgess' name was recovered from the vehicle.  (*Id.*)

Detectives Gallagher and Maitland read Khaiyri Burgess his Miranda warnings, which he waived, before interviewing him on August 24, 2018.  (*Id.*)  He denied any knowledge of the Jeep Grand Cherokee despite having the keys on his person when he was arrested, despite being identified exiting the vehicle by the locksmith on July 24, 2018, and despite having paperwork with his name on it in the vehicle on August 23, 2018.  (*Id.*)  Burgess said he could not account for the money found in the vehicle because he had not had a job in some time.  (*Id.*)

Khaiyri Burgess was taken into custody and housed at CFCF.  (*Id.*)  Following his arrest and custody, his inmate phone conversations from August 24, 2018 through September 3, 2018 were subpoenaed.  (*Id.*)  While in custody, Khaiyri Burgess was in frequent telephone communication with his father, Edward Burgess.  (*Id.*)  During a conversation on August 25, 2018, Khaiyri Burgess discussed "loose stones" kept inside an envelope in Edward Burgess' home and later the same day, asked if Edward found "currency hidden in the basement or his bedroom."  (*Id.*)  Detectives concluded from these conversations that "there is a strong

probability that proceeds from the robbery and additional evidence linking Khaiyri Burgess to the robbery will be located in the home of his father Edward Burgess." (*Id.*)

On September 12, 2018, Investigator Maitland swore to the veracity of the affidavit of probable cause, and a municipal court judge found probable cause sufficient to issue the search warrant. (Search Warrant Face Sheet, Def.'s Ex. A, ECF No. 220-1.) The search resulted in recovery of cash, a firearm, mail, jewelry, various clothing, a pill bottle, and bullets. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

"[N]o Warrants shall issue but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The Supreme Court has declared that this "Warrant Clause" is the "bulwark of Fourth Amendment protection." *Franks v. Delaware*, 438 U.S. 154, 164 (1978). The Court has held that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant. *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (discussing *Franks*).

Under *Franks*, the Supreme Court held that a hearing is warranted if the defendant makes a "substantial preliminary showing" both that (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *See Franks*, 438 U.S. at 155. The Third Circuit has established a standard for determining whether statements and/or omissions were made with a reckless disregard of the truth:

> In evaluating a claim that an officer both asserted and omitted facts with reckless disregard for the truth, we hold that: (1) omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would know that a judge would want to know; and (2) assertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of

what he or she is asserting.

*Wilson v. Russo*, 212 F.3d 781, 783 (3d Cir. 2000).  A mere showing of negligence or innocent mistake is insufficient to find reckless disregard for the truth.  *Id.* at 787.

The requirement of a "substantial preliminary showing" is intended "to prevent the misuse of a veracity hearing for purposes of discovery or obstruction."  *Franks*, 438 U.S. at 170-71.  To assess the materiality of an omission, the court must supply the omitted information to the original affidavit and then assess if the corrected affidavit still supports probable cause.  *See Yusuf*, 461 F.3d at 384.

If the defendant makes the preliminary showing but "there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."  *Franks*, 438 U.S. at 171-72.  However, if "the remaining content is insufficient," then the defendant is entitled to a *Franks* hearing.  *Id.* at 172.

### B.      Analysis

Defendant argues that there was a material omission in the search warrant affidavit.  He argues that the search warrant would lack probable cause if it included the specific amount of money Khaiyri Burgess told his father was in the home.  Khaiyri Burgess told Defendant that fifty dollars was in his bedroom or the basement.  However, the affidavit stated only that Khaiyri Burgess told his father there was "currency hidden in the basement or his bedroom," omitting the dollar amount.  According to Defendant, where allegations in this case involve theft of $1 million dollars, omitting the actual amount of fifty dollars was material to the finding of probable cause because it contradicts the allegation that proceeds of the theft could be found in Defendant's home.  A defendant must prove both prongs of the *Franks* test to warrant a hearing.

To prove that the omission was made with reckless disregard for the truth, Defendant must establish that the specific amount of money is something that "any reasonable person would know that a judge would want to know." *Wilson*, 212 F.3d at 783.  Whether a reasonable person would know that a judge would want to know the exact amount of money Khairyi Burgess stated to his father is not a question that can be determined without context.  Looking at the surrounding discussion in the affidavit, including Khaiyri Burgess' comment that "loose stones" were kept inside an envelope in the home, it is clear that Khaiyri Burgess used veiled and/or coded language while in custody when speaking with Defendant.[2]  A significant amount of money, over thirteen thousand dollars, as well as other contraband was also located in a Jeep that was tied to both Khaiyri Burgess and Defendant.  This vehicle was near Defendant's house where Khaiyri Burgess was staying.  In this context, including the dollar amount is not necessary, since the importance lay with the fact that it was a discussion about hidden money.  Defendant has not met the first prong of the *Franks* test.

However, even assuming *arguendo* that any reasonable person would know that a judge would want to know the specific amount of money discussed, Defendant must still prove that the omitted information was material to the finding of probable cause.  *See U.S. v. Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010) (citing *Yusuf*, 461 F.3d at 383).  Defendant has not made this showing.

As explained above, we determine materiality by supplying the omitted information to the original affidavit to determine if the hypothetical "corrected" affidavit would still establish

---

[2] The Government advises that in another call the same day, Khaiyri Burgess referred to his lawyer wanting a "dime" for payment indicating the consistent use of coded language for money, likely meaning $10,000.00.  (*See* Gov't Opp'n at 6, ECF No. 244.)  However, this information is not presently in evidence.

probable cause.  *See Wilson*, 212 F.3d at 789.  We will insert the missing information and look to the four corners of the affidavit to see if it would still support probable cause.

Inserting the statement that "fifty dollars" was "hidden in the basement or [Khaiyri Burgess'] bedroom," we must consider this information alongside the other information in the search warrant.  In particular, the affidavit referred to a call where Khaiyri Burgess told his father that "loose stones" were kept in an envelope in Edward Burgess' home.  In addition, there was other evidence in the affidavit connecting Defendant and his home to evidence linked to both his son and the crime.  It is therefore reasonable to conclude that the specific amount of money would not have changed the inference that there was a good likelihood of finding cash in the home connected to the robbery. This is sufficient to support a finding of probable cause.

Defendant asserts that "loose stones" is ambiguous and should be removed from probable cause considerations because it is not explained.  We disagree.  Again, the context is critical.  Here, the main suspect in a robbery, which involved both missing jewelry and cash, was recorded telling his father, with whom he was staying, about "loose stones" in the house.  A quick search reveals that the term "loose stones" is used to refer to jewelry in the regular course.  *See, e.g., United States v. Dotson*, No. 99-6436, 2000 U.S. App. LEXIS 31765, at *2 (10th Cir. Okla. December 12, 2000) (stating defendant robbed a jewelry store and stole, *inter alia*, "five loose stones worth $145,245"); *United States v. Roach*, No. 02-405, 2005 U.S. Dist. LEXIS 12545, at *1 n.1 (E.D. Pa. June 24, 2005) ("Defendant took part in a . . . jewelry store theft of $712,270 in diamond rings and loose stones . . . .").  It was reasonable for a judge to infer that "loose stones" referred to "jewelry" connected to the robbery, supporting probable cause in this instance.

Moreover, when arrested, Khaiyri Burgess explained that the fob for the Jeep, in which officers found a handgun and over $13,000 in cash belonged to his father.  The Jeep also contained a gas can, which could be linked to the burning of the getaway vehicle, the Cadillac, which was also tied to Khaiyri Burgess through the locksmith.  Khaiyri Burgess listed Defendant's address as his current address.

When determining if there is sufficient probable cause, the question is whether, upon considering the "totality of circumstances," there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Here, the totality of the circumstances, including the reference to loose stones and the proximity of the Jeep containing contraband to Defendant's home where his son was staying, is sufficient to support probable cause even absent reference to the specific amount of money in Defendant's home.

Accordingly, Defendant has failed to make a substantial preliminary showing that the alleged omission of the amount of money was material to a finding of probable cause.

## III.    CONCLUSION

For the foregoing reasons, Defendant's motion to suppress will be denied without a *Franks* hearing.  An appropriate order follows.

BY THE COURT:


 */s/ R. Barclay Surrick*_____
R. BARCLAY SURRICK, J.

8